**Valter CHARCANI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40274–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Carl M. Weideman, III, Grosse Pointe Woods, Michigan, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, J. Douglas Barnett, Assistant United States Attorney for the District of South Carolina, Columbia, South Carolina, for Respondent.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Valter Charcani, through counsel, petitions for review of the Board of Immigration Appeals (BIA) decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the immigration judge's (IJ) decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d 297, 307 (2d Cir.2003) (quoting

*Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir. 2000)).

Charcani does not challenge the IJ's finding that he failed to corroborate his testimony or the denial of his CAT claim; his brief only addresses challenges to the BIA's streamlining procedure and the IJ's adverse credibility finding. Accordingly, only those two issues are before this Court, and any claim regarding the IJ's finding that Charcani failed to meet his burden of proof is waived. *See Yeuqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

In this case, the IJ's adverse credibility findings, relating principally to material inconsistencies, contradictory evidence, and inherently improbable testimony, were supported by substantial evidence. *See Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (*per curiam*); *Diallo,* 232 F.3d at 287–88. Charcani gave numerous inconsistent statements and provided implausible testimony. The IJ based his adverse credibility finding on Charcani's inconsistent or implausible testimony regarding: 1) why he fled Albania; 2) whether he actually had a hard time understanding the interpreter at the airport interview; 3) why Charcani sought a passport from the Albanian government; and 4) why Charcani's father did not also flee Albania. The IJ did rely on additional factors, but these are supported by substantial evidence in the record and sufficient to sustain the adverse credibility finding.

Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm an IJ's decision without opinion, or streamline the case, in particular circumstances. This Court has already determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–67 (2d Cir.2004). The petitioner does not argue that the streamlining

procedure was improperly applied to his case; he argues only that the procedure, on its face, violates due process. *Id.* Therefore, the petitioner's arguments regarding the BIA's streamlining procedure have already been addressed by this Court's decision in *Zhang*.

Accordingly, the petition for review is denied.